**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No.__________________**

SHEILA JOHNSEN, individually and on behalf of all similarly situated persons,

Plaintiff,

v.

UNLOCK PARTNERSHIP SOLUTIONS INC.; UNLOCK TECHNOLOGIES, INC.; WILMINGTON SAVINGS FUND SOCIETY, FSB, solely in its capacity as Trustee for UNLOCK HEA TRUST 2022-1, UNLOCK HEA TRUST 2023-1, UNLOCK HEA TRUST 2024-1, UNLOCK HEA TRUST 2024-2, UNLOCK HEA TRUST 2025-2, and UNLOCK HEA TRUST 2025-3; U.S. BANK TRUST NATIONAL ASSOCIATION, solely in its capacity as Trustee for UNLOCK LEX RESIDENTIAL INVESTMENTS TRUST 2022-1 and UNLOCK LEX RESIDENTIAL INVESTMENTS TRUST 2022-2,

Defendants.

---

# NOTICE OF REMOVAL

---

Consistent with 28 U.S.C. §§ 1331, 1332(a), 1332(d)(2), 1441(a), 1441(b), 1446, and 1453(b), Defendants Unlock Partnership Solutions Inc. and Unlock Technologies, Inc. (together "Unlock Defendants"), joined by Defendants Wilmington Savings Fund Society, FSB and U.S. Bank Trust National Association (together "Trustee Defendants"), through their counsel, respectfully file this Notice of Removal of an action from the State of Colorado in the Seventeenth Judicial District Court in Adams County. As grounds for this Notice of Removal, Unlock Defendants and Trustee Defendants state as follows:

**Removal is Timely**

1. On October 1, 2026, Plaintiff Sheila Johnsen ("Plaintiff"), individually and on behalf of similarly situated persons, filed a Complaint ("Complaint") in the State of Colorado District Court in Adams County ("State Court Action"), captioned *Sheila Johnsen, et al. v. Unlock Partnership Solutions, Inc, et al.*, Case No. 2026CV31955. The State Court Action Complaint, along with Exhibit 1 to the Complaint, is attached hereto.

2. On October 8, 2026, the Trustee Defendants were served with the Summons and Complaint. Accordingly, this Notice of Removal is filed within thirty (30) days of receipt of the Complaint and is thus timely under 28 U.S.C. § 1446(b)(1).

3. On October 9, 2026, Unlock Defendants waived service of the Summons and Complaint. Accordingly, this Notice of Removal is filed within thirty (30) days of receipt of the Complaint and is thus timely under 28 U.S.C. § 1446(b)(1).

4. Removal to this District is proper because this civil action was filed and is pending in the State of Colorado in Adams County. *See* 28 U.S.C. § 1441(a). The Seventeenth Judicial District Court in Adams County is a Colorado state court located within this District. *Id.*; 28 U.S.C. § 85.

5. Consistent with 28 U.S.C. § 1446(b)(2)(A), all Defendants join in and consent to the removal of the action.

**The Court Has Original Jurisdiction**

6. While Unlock Defendants and Trustee Defendants deny liability for Plaintiff's individual and class claims, three separate bases supply the Court with original jurisdiction for removal.

7. *First*, there is traditional diversity jurisdiction. Plaintiff is a citizen of Colorado. Compl. ⁋ 9. Unlock Defendants are Delaware corporations with principal places of business in Arizona. *Id.* ⁋ 10. Trustee Defendants are allegedly statutory trusts formed under the laws of Delaware with principal places of business in Delaware. *Id.* ⁋⁋ 21, 23. There is thus complete diversity between Plaintiff and Defendants. Plaintiff seeks, among other things, rescission of a home equity agreement ("HEA") whose principal amount is alleged to be $65,400 and whose payoff value is alleged to be approximately $139,000. *Id.* ⁋⁋ 118; 123; 199. Plaintiff also seeks additional relief, such as actual damages, statutory damages, and attorneys' fees. *See, e.g.*, *id.* ⁋⁋ 188; 201; 206. As a result, the amount in controversy exceeds $75,000, and the other requirements of 28 U.S.C. § 1332(a) are met.

8. *Second*, there is jurisdiction under CAFA. Plaintiff purports to seek relief on behalf of "all persons who have entered into an Unlock Agreement secured by a property located in Colorado and extending through the date of class certification." Compl. ⁋ 127(a). Plaintiff alleges that "Unlock has entered into at least 532 Agreements in the State of Colorado." *Id.* ⁋ 129. Plaintiff alleges that her "Investment Payment was $65,400." *Id.* ⁋ 118. Even if all of the alleged "532 Agreements" were worth only half that amount, the aggregate value of the Agreements would still exceed the CAFA statutory threshold of $5 million. This thus plausibly establishes that the alleged amount in controversy exceeds the $5 million necessary for CAFA jurisdiction. *See Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 914 (10th Cir. 2016) ("[O]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much."). As a result, Unlock Defendants and Trustee Defendants remove this action under CAFA, 28 U.S.C. §§ 1332(d) and

1453(b), on the basis that (a) this is a putative class action under 28 U.S.C. § 1332(d)(1)(B); (b) at least one member of the proposed class is a citizen of a state different than any Defendant; (c) the number of members of the proposed class is not less than 100; and (d) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

9. *Third,* there is federal question jurisdiction. Plaintiff alleges violations of the Truth in Lending Act (TILA) as to all Defendants. *See* 15 U.S.C. §§ 1601 *et seq.*; *see also* Compl. ¶¶ 159-201. TILA is a law of the United States, enacted by the United States Congress. Accordingly, under 28 U.S.C. § 1331, this Court has original jurisdiction over this civil action. Because the Court has "original jurisdiction" over Plaintiff's TILA claim, the Court has "supplemental jurisdiction over all other claims that are so related to" the TILA claim. 28 U.S.C. § 1367(a). Supplemental jurisdiction requires only that the federal and state-law claims "arise out of the same controversy." *Leal v. Sonic-Massey Pontiac Buick GMC, Inc.*, 444 F. Supp. 2d 1163, 1165 (D. Colo. 2006). Like the TILA claim, Plaintiff's state-law claims arise from the same alleged practices concerning a HEA entered into with Unlock. Supplemental jurisdiction over Plaintiff's remaining state-law claims thus is proper. *Id.* at 1165 (confirming supplemental jurisdiction to TILA claim where state-law claims arise out of same alleged "pattern of deceptive practices").

**Defendants Have Satisfied All Procedural Requirements**

10. Consistent with 28 U.S.C. § 1446(a) and D.C.COLO.LCivR 81.1, attached hereto are all process, pleadings, and orders from the State Court Action proceeding in the State of Colorado Seventeenth Judicial District Court, Adams County, Case No. 2026CV31955 identified as the following:

- Plaintiff's Complaint and Jury Demand
- Exhibit 1 to Plaintiff's Complaint

- Civil Case Cover Sheet
- Waiver of Service for Defendant Unlock Partnership Solutions and Unlock Technologies, Inc.
- Def. U.S. Bank Trust Nat'l Ass'n Return of Service
- Def. Wilmington Savings Fund Soc'y, FSB Return of Service
- State Court Docket

11. Consistent with 28 U.S.C. § 1446(d), Unlock Defendants and Trustee Defendants are serving written notification on Plaintiff's counsel and the Adams County District Court by filing a Notice of Filing Notice of Removal and attaching a copy of this Notice of Removal in Adams County District Court Case No: 2026CV31955.

Based on the above, Unlock Defendants and Trustee Defendants remove this action, which is pending in the State of Colorado Seventeenth Judicial District Court in Adams County, as Case No. 2026CV31955, to this Honorable Court.

Respectfully submitted this 29th day of October, 2026.

*s/Matthew C. Arentsen*
Jason R. Dunn, #33011
Matthew C. Arentsen, #45021
Briana M. Seyarto Flores, #62409
BROWNSTEIN HYATT FARBER SCHRECK, LLP
675 15th Street, Suite 2900
Denver, Colorado 80202
Phone: 303-223-1100
Fax: 303-223-1111
Email: jdunn@bhfs.com; marentsen@bhfs.com; bseyartoflores@bhfs.com

*Attorneys for Defendants Unlock Partnership Solutions Inc., Unlock Technologies, Inc., Wilmington Savings Fund Society, FSB, and U.S. Bank Trust National Association*